**Kenneth MORGANS, Petitioner,**

v.

**Edward ALAMEIDA, Warden, Respondent.**

No. 03–56329.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 9, 2005.*

Decided Feb. 11, 2005.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kenneth Morgans P–26543, CCIT—California Correctional Institution, Tehachapi, CA, pro se.

Jeff Dominic Price, Esq., Los Angeles, CA, Attorney General, Felicity A. Senoski, AGCA—Office of The California Attorney General, San Diego, CA, for Respondent.

** Honorable Frank J. Magill, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

Before: BROWNING, MAGILL,** and RYMER, Circuit Judges.

### MEMORANDUM ***

Kenneth Morgans, a California state prisoner, appeals from the denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for drug offenses. We affirm.

 The state court's decision that the trial court was not constitutionally required to initiate a competency hearing after the start of trial is not contrary to, nor an unreasonable application of, clearly established federal law; nor is the decision based on an unreasonable determination of the facts in light of the recent determination of competency, Morgans's responses to the trial court, the fact that his outbursts occurred only when the prosecutor was speaking and only during the sanity phase, the experts' findings of malingering, and all of the evidence and exchanges in the state court proceeding. *See* 28 U.S.C. § 2254(d). The evidence before the trial court did not "create[ ] a sufficient doubt of [Morgans's] competence to stand trial to require further inquiry on the question." *Drope v. Missouri,* 420 U.S. 162, 180, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); *see also Amaya–Ruiz v. Stewart,* 121 F.3d 486 (9th Cir.1997).

Further, trial counsel's failure to request a second competency hearing was not objectively unreasonable. *See Strickland v. Washington,* 466 U.S. 668, 687–88, 104

S.Ct. 2052, 80 L.Ed.2d 674 (1984). Morgans was found to be competent before the start of trial, and his behavior during trial suggests that he had "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

Finally, all issues raised by Morgans can be resolved by reference to the state court record, and therefore he is not entitled to an evidentiary hearing. *See Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir.1998).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** Honorable Frank J. Magill, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.